# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS MONTOYA,

    Defendant.

Case No. 5:19-CR-40062-HLT

## MEMORANDUM AND ORDER

Defendant Marcus Montoya, who is charged with possession of a firearm by a prohibited person, moves to suppress the gun found as a result of a pat-down search of his person during a traffic stop. Doc. 13. Defendant argues law enforcement violated his Fourth Amendment rights by performing the pat down without reasonable suspicion that he was armed and dangerous. For the following reasons, the Court finds that the pat down was not a Fourth Amendment violation because the totality of the circumstances would cause a reasonable police officer to believe that Defendant was armed and dangerous. Accordingly, the Court denies Defendant's motion.

**I.    BACKGROUND[1]**

On August 13, 2019, at approximately 5:00 a.m., Topeka Police Department Sergeant Justin Long observed a tan Honda Accord that had stopped past the posted stop-line at the intersection of 38th and Southwest Topeka Boulevard in Topeka, Kansas. He initiated a traffic stop as the vehicle was turning into a drive leading to an extended-stay hotel. Sergeant Long considered the hotel to be a very high-crime area, including a high-crime area for drug trafficking.

---

[1] During the February 13, 2020 hearing the Court heard testimony from Sergeant Justin Long. Based on Sergeant Long's demeanor and attentiveness during questioning—and given that, at times, he conceded facts not helpful to the government's case—the Court credits his testimony in its entirety. But the Court relays only those portions of Sergeant Long's testimony relevant to its resolution of the motion.

There were three occupants in the vehicle, including Defendant, who was sitting in the left-rear passenger seat. As he approached the vehicle, Sergeant Long followed his typical practice of ordering the occupants to keep their hands where he could see them. Instead, Defendant began "digging" toward his right, rear pocket. This movement prompted Sergeant Long to draw his service weapon, keep it in the low ready position, and order the occupants to place their hands on the dash or seat in front of them. The occupants, including Defendant, complied. Sergeant Long holstered his firearm, and the traffic stop continued. During the stop, Sergeant Long observed that Defendant had multiple facial tattoos that he considered synonymous with prison or gang tattoos. Defendant was not wearing a seatbelt.

While Sergeant Long was asking the occupants for identifying information, Officer Long arrived as backup. All three occupants provided names, but only the front-seat passenger provided identification. Defendant gave the name Anthony E. Rozas with a birth date of May 23, 1992. Sergeant Long provided all three names to dispatch. While waiting on dispatch, Sergeant Long again asked Defendant and the female driver for some form of identification and was told they did not have any. He also had to remind the occupants to keep their hands where he could see them. Dispatch reported that the front-seat passenger was on supervised release.

After dispatch could find no result for Defendant's given name in either the criminal background database or Kansas driver records, Sergeant Long became suspicious that Defendant had provided a fictitious identity. He then told Defendant that Defendant was going to have to find something with his name on it, explaining that dispatch could not find him. Defendant was unable to provide anything, and Sergeant Long responded by ordering Defendant to remove a tote-like bag from over his waist. He then had Defendant step out of the car, handcuffed him, and explained that he was "being detained until I figure out who you are." He asked Defendant: "Are you who

you say you are?" Defendant affirmed yes. Sergeant Long asked if Defendant had any weapons and Defendant responded that he did not. Sergeant Long then performed a pat down and discovered a Hermann Weihrauch, model EA/R, .38 special caliber revolver in Defendant's waistband. Sergeant Long's report states that he had Defendant step out of the vehicle "due to not being able to positively identify him" and that he performed a "pat-down for weapons."

Sergeant Long then had Defendant sit on the curb, while he looked at Defendant's items, spoke to the other occupants, and waited for a third officer. After the third officer arrived about ten minutes later, the officers got the other occupants out of the vehicle, patted them down, handcuffed them, and searched the vehicle because Sergeant Long had seen an open container of alcohol.

Based on the evidence collected, a grand jury indicted Defendant on August 21, 2019, for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Doc. 1. Defendant now moves to suppress the firearm found during the pat-down search. Doc. 13.

**II. ANALYSIS**

In his motion to suppress, Defendant argues that Sergeant Long lacked reasonable suspicion that Defendant was armed and presently dangerous. Therefore, Defendant contends the evidence must be suppressed because Sergeant Long performed the pat down in violation of his Fourth Amendment rights. In response, the government argues that Sergeant Long had reasonable suspicion that Defendant was armed and dangerous based on the totality of the circumstances. The Court agrees with the government.

During a traffic stop, officers may perform a pat-down search of a driver or passenger "if they develop an articulable and reasonable suspicion that the subject is armed and dangerous." *United States v. Gurule*, 935 F.3d 878, 885 (10th Cir. 2019). Reasonable suspicion is not an

onerous standard and is based on the totality of the circumstances. *Id.* And, in evaluating reasonable suspicion, courts "defer to all reasonable inferences made by law enforcement officers in light of their knowledge and professional experience distinguishing between innocent and suspicious actions." *Id.* (internal quotation omitted).

Here, the Court concludes that the totality of the circumstances supports a finding of reasonable suspicion. As Sergeant Long approached the vehicle, Defendant did not follow commands and reached for his pocket. Defendant's noncompliance led Sergeant Long to draw his weapon until Defendant began complying with his commands. Although Defendant subsequently complied with commands (resulting in Sergeant Long holstering his weapon and continuing the stop), Defendant's initial noncompliance remains a factor for consideration.

In addition to this noncompliance, Sergeant Long could not locate the name Defendant gave him in the databases. Sergeant Long repeatedly questioned Defendant about his identity, indicating Sergeant Long's concern that Defendant was being deceitful and intentionally hiding his identity. *See United States v. Rice*, 483 F.3d 1079, 1085 (10th Cir. 2007) (finding provision of a false name can contribute to reasonable suspicion).

The time and location also inform the reasonableness of the pat-down search. Sergeant Long stopped the vehicle at 5:00 a.m. in a high-crime area. It was dark, and there was very little traffic. *See Gurule*, 935 F.3d at 887 (observing that "[t]he time and the place of the traffic stop lastly contributes to the reasonableness of the pat-down search"); *United States v. Fager*, 811 F.3d 381, 386 (10th Cir. 2016) (finding that factors supporting reasonable suspicion include the time of day when and place where the pat-down occurred). And, even after Officer Long arrived, law enforcement was outnumbered.

Several other facts also support reasonable suspicion. The driver and Defendant lacked identification. And the remaining passenger was on supervised release. Defendant had facial tattoos, which Sergeant Long considered prison tattoos, and he had a bag near his lap with unknown contents. Lastly, Sergeant Long removed Defendant from the vehicle and would have had to turn his back on Defendant (either leaving Defendant in his vehicle or having him sit or stand nearby) to continue with the stop. *See Fager*, 811 F.3d at 385-86, 388-89 (noting that "little beyond" the need to turn his back on a defendant is required to support reasonable suspicion, even when there are multiple officers present). After considering the totality of the circumstances, the Court finds the pat-down search was supported by reasonable suspicion.

Despite these facts, Defendant argues that he could not be considered "armed and *presently* dangerous" approximately ten minutes after he had reached for his back pocket and then cooperated. The Court disagrees. This argument ignores that the analysis is based on the totality of the circumstances. Sergeant Long suspected Defendant was armed at the outset. Defendant's compliance may have lessened that initial concern, but his compliance did not entirely remove the basis for that concern from the calculus. Likewise, the passing of time does not mean that this concern evaporated or did not inform Sergeant Long's overall assessment (or a reasonable officer's assessment) of the situation at the time of the pat down. Indeed, Sergeant Long performed the pat down after removing Defendant (who had prison tattoos on his face, who had initially not complied with his commands and reached for his waist, and who appeared to be hiding his identity) from a vehicle that had been stopped in a high-crime area in the early morning hours where only one occupant had identification, one occupant was on supervised release, and the total number of

occupants outnumbered law enforcement.[2] Accordingly, the Court finds that the pat down and discovery of the firearm were not in violation of the Fourth Amendment.

THE COURT THEREFORE ORDERS that Defendant's Motion to Suppress (Doc. 13) is DENIED.

IT IS SO ORDERED.

Dated: March 10, 2020                    /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE

---

[2] Defendant highlights Sergeant Long's report, which states that he had Defendant step out of the vehicle "due to not being able to positively identify him." Defendant correctly asserts that attempting to learn a person's identity is not a valid basis for a pat-down. Nevertheless, the Court credits Sergeant Long's testimony that the pat-down, itself, was for officer safety, as the report states. Regardless, the Court considers whether a reasonable officer would have been in fear for his safety, not Sergeant Long's state of mind. *Fager*, 811 F.3d at 390 (finding a pat-down was supported by reasonable suspicion despite the officer, who performed the pat-down, testifying that the defendant had not done anything causing him any fear during the stop). The Court finds that a reasonable officer would have been in fear for his safety when Sergeant Long performed the pat-down.